UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MACLACHLAN,

     Plaintiff,

v.

     Case No. 1:23-cv-1141

NIKKI MONROE, et al.,

     HON. JANE M. BECKERING

     Defendants.

_____/

## OPINION AND ORDER

Plaintiff, a former state prisoner, first filed a *pro se* complaint against the MDOC, as well as numerous MDOC employees, in 2021, and some claims were severed due to misjoinder, as summarized in this Court's March 1, 2024 screening decision (Op. & Order, ECF Nos. 5 & 6). Following screening, five Defendants remain in the lawsuit at bar:  Robert Crompton, M.D., Health Unit Manager (HUM) Nikki Monroe, RN Addie Briske, RN Sarah Luce, and RN Jack Bellanger. Defendants Monroe, Briske, and Bellanger moved for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies.  Dr. Crompton filed a "Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), or in the Alternative, for Summary Judgment based Solely on the Issue of Exhaustion."  Defendant Luce did not file any motion related to exhaustion.

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants Monroe, Briske and Bellanger's motion for summary judgment on all claims except for "MDOC Claim 8" directed at RN Briske; deny Dr. Crompton's motion to dismiss; and grant Dr. Crompton's motion for

summary judgment only as to "Crompton Claims 2, 4, 6, 7, and 8."  The matter is presently before

the Court on Dr. Crompton's and Plaintiff's objections to the Report and Recommendation.  In

accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court

has performed de novo consideration of those portions of the Report and Recommendation to

which objections have been made.  The Court denies the objections and issues this Opinion and

Order.

Dr. Crompton's Objections

Dr. Crompton[1] makes two related objections to the Report and Recommendation.  First,

Dr. Crompton argues that the Magistrate Judge erred in failing to address his arguments under

Federal Rule of Civil Procedure 12 (Objs., ECF No. 50 at PageID.502).  Dr. Crompton argues that

the Court's decision to conduct a screening opinion does not "divest a party of the right to defend

the claims raised against them, including in a motion to dismiss" (*id.* at PageID.502–503).  Second,

Dr. Crompton argues that the Magistrate Judge concomitantly erred in failing to address his Rule

12 argument that "Crompton Claims 1 and 3" were time barred (*id.* at PageID.504).  According to

Dr. Crompton, Crompton Claims 1 and 3 are time barred as Plaintiff's complaint at bar was filed

on October 30, 2023 and these claims "vaguely relate to the care provided by Dr. Crompton

between Plaintiff's arrival at Oaks Correctional Facility on July 30, 2020 and his surgery for his

deviated septum on October 22, 2020" (*id.*).

While an initial screening opinion does not prevent a court from evaluating a motion to

dismiss under Rule 12(b)(6), neither is a court required to revisit issues.  As the Magistrate Judge

pointed out, the standard for assessing whether a complaint pleads factual allegations sufficient to

---

[1] Defense counsel mistakenly refers to Dr. Crompton as "Dr. Coleman" in the body of his submission.  *See* ECF No. 50 at PageID.502–504.

state plausible claims for relief under §§ 1997e(c) and 1915A is the same standard applied when evaluating the same inquiry under Federal Rule of Civil Procedure 12(b)(6) (R&R, ECF No. 49 at PageID.487, citing *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010)). *See, e.g., Palmer v. Million*, 208 F.3d 214 (6th Cir. 2000) (Order) (dismissal pursuant to 28 U.S.C. § 1915A based on statute-of-limitations defect). Dr. Crompton, who did not previously seek reconsideration of this Court's March 1, 2024 screening decision, is essentially asking the Court to re-screen the Complaint for defects. The Court discerns no error in the Magistrate Judge's decision declining to entertain Dr. Crompton's motion to dismiss. *See generally* W.D. Mich. LCivR 7.4(a) ("[M]otions for reconsideration which merely present the same issues ruled upon by the court shall not be granted.").

### Plaintiff's Objections

With the assistance of counsel, Plaintiff makes four objections to the Report and Recommendation. As a threshold matter, Plaintiff argues that the Magistrate Judge erred in concluding that the grievance process was available to him (Objs., ECF No. 52 at PageID.509–511). The Magistrate Judge rejected Plaintiff's earlier version of this argument, pointing out that Plaintiff had not supplied either "a coherent affidavit or declaration setting forth the specific facts which explain his failure to file grievances and explaining the quotes from the kites" (R&R, ECF No. 49 at PageID.497, citing *Sigmon v. Appalachian Coal Props., Inc.*, 400 F. App'x 43, 49 (6th Cir. 2010) (holding that an affidavit is insufficient to establish a genuine issue of material fact if it contains only "conclusory allegations")).

Plaintiff attaches to his objection to the Report and Recommendation a new declaration in which he asserts that the grievance process was unavailable to him between August 20, 2020 and "middle 1/2021" because he was in segregation (Decl., ECF No. 52-1 at PageID.519–520).

3

Plaintiff opines that "[h]is ONLY way of transporting the grievances is to rely on the C.O.'s in the segregation unit, or other C.O.s, who may have their own agenda" (ECF No. 52 at PageID.510). However, as Defendants point out in response, even assuming Plaintiff's new evidence is properly before the Court, Plaintiff's self-serving assertion that the grievance process was "unavailable" to him is belied by the fact that he submitted at least four grievances during this time frame (Resp., ECF No. 53 at PageID.522–523; Resp., ECF No. 54 at PageID.531).  Plaintiff's objection fails to reveal any error in the Magistrate Judge's conclusion that Plaintiff failed to present sufficient evidence to raise a material factual question that the grievance process was unavailable to him.

In his remaining objections, Plaintiff challenges the Magistrate Judge's analysis of the four grievances that relate to medical care: Grievance Nos. 876, 962, 1042 and 1049.  As to Dr. Crompton, the Magistrate Judge determined that Grievance Nos. 962, 1042 and 1049 did not reference him; however, the Magistrate Judge determined that Grievance No. 876 is directed at Dr. Crompton and relates to Dr. Crompton's failure to treat Plaintiff for an alleged allergic reaction to animal dander and Plaintiff's request to be sent to a different facility to avoid exposure to animals, i.e., the subject of "Crompton Claim 5" (R&R, ECF No. 49 at PageID.499).  Because Dr. Crompton did not address exhaustion with respect to Crompton Claims 1 and 3, the Magistrate Judge recommends that this case should proceed on Crompton Claims 1, 3, and 5 (*id.*).

In his objections, Plaintiff argues that a jury "could well decide" that his claims in Grievances 962, 1042 and 1049 "also refer to Dr. Crompton" and that "all" of the Crompton Claims should be "preserved" (Objs., ECF No. 52 at PageID.511–512, 515).  Plaintiff's argument lacks merit.  Plaintiff does not dispute that the relevant policy directive required him to specifically identify the "[d]ates, times, places, and *names* of all those involved in the issue being grieved." *See* Objs., ECF No. 52 at PageID.509 (referencing MDOC Policy Directive 03.02.130); Resp.,

ECF No. 53 at PageID.523–524 (quoting same) (emphasis added).  Nor does Plaintiff dispute that

the relevant grievances do not name Dr. Crompton or discuss any wrongdoing by him.  *See* Objs.,

ECF No. 52 at PageID.511.   In Grievance No. 962, for example, Plaintiff stated merely that

"[s]ince arriving to this facility I haven't been able to be cared for for [sic] my medical issues and

would like to be relocated to a facility that can meet my medical needs" (ECF No. 23-3 at

PageID.252).  Plaintiff contends that it is "compelling" that Dr. Crompton was "in control of the

medical personnel" (Objs., ECF No. 52 at PageID.511–512).

Plaintiff's argument lacks merit.  Exhaustion requires a plaintiff to give officials a fair

opportunity to address the alleged misconduct of a defendant.  *See generally Woodford v. Ngo*,

548 U.S. 81, 93–95 (2006).  Hence, the Sixth Circuit has held that generic references to a defendant

in a grievance do not satisfy exhaustion because such references fail to describe the defendant's

involvement and provide specific defendants notice of the allegations.  *Mattox v. Edelman*, 851

F.3d 583, 596 (6th Cir. 2017) (rejecting the argument that grievances which "generally gave all

relevant medical officials notice of [the plaintiff's] claim" could meet exhaustion requirement

because that method of notice would "collapse the PLRA's exhaustion requirement").  *See, e.g.*,

*Boles v. Aramark Corr. Services, LLC*, No. 17-1919, 2018 WL 3854143, at *2 (6th Cir. Mar. 19,

2018) (where the plaintiff's grievance "did not describe how the food supervisors were involved

in the alleged decision to deny him a low-sodium diet, [] it failed to provide these defendants

sufficient notice to respond to the specific allegations against them that he later presented in his

§ 1983 complaint").  In short, Plaintiff's argument reveals no error in the Magistrate Judge's

exhaustion analysis of the grievances in this case as applied to Dr. Crompton.

Turning to Defendants Monroe and Bellanger, the Magistrate Judge concluded that

Plaintiff did not exhaust any claims against these Defendants because neither Monroe nor

Bellanger were named in Grievance Nos. 962, 1042 or 1049 (*id.* at PageID.491–495). The Magistrate Judge noted that Defendants Monroe and Bellanger were instead the employees responsible for responding to and reviewing the relevant grievances (*id.* at PageID.495, citing MDOC PD 03.02.130 ¶ V ("Prisoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent.")).

Plaintiff argues that the Magistrate Judge erred in recommending dismissal of his claims against Defendants Bellanger and Monroe, pointing out that he "had nothing to do with" whom the Grievance Coordinator selected to respond and review the grievances (Objs., ECF No. 52 at PageID.516–517). Plaintiff opines that he should not be "penalized" for the Grievance Coordinator's selections (*id.*). The Magistrate Judge's decision rests on Plaintiff's failure to identify Defendants Bellanger or Monroe in any of the grievances. Plaintiff's argument does not meaningfully engage with the Magistrate Judge's analysis or his ultimate conclusion. Consequently, Plaintiff fails to demonstrate any factual or legal error by the Magistrate Judge.

Last, regarding Defendant Briske, the Magistrate Judge concluded that while Plaintiff did not name Defendant Briske in either Grievance No. 962 or No. 1042, the allegations in Grievance 1049 could be "broadly construed" as including Plaintiff's claim that Briske "degraded him and humiliated him while attending to his asthma" (*id.* at PageID.495, referencing MDOC Claim 8). Plaintiff's objections do not otherwise expressly challenge the Magistrate Judge's conclusion as to Defendant Briske.

In sum, the objections to the Report and Recommendation lack merit. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 50 & 52) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 49) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Bellanger, Briske, and Monroe's Motion for Summary Judgment (ECF No. 40) is GRANTED on all claims except for "MDOC Claim 8" directed at Defendant Briske, which proceeds.

**IT IS FURTHER ORDERED** that Defendants Bellanger and Monroe are TERMINATED as parties to this lawsuit.

**IT IS FURTHER ORDERED** that Defendant Crompton's Motion to Dismiss (ECF No. 42) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Crompton's Motion for Summary Judgment (ECF No. 42) is GRANTED as to "Crompton Claims 2, 4, 6, 7, and 8" and DENIED as to "Crompton Claims 1, 3, and 5," which proceed.

Dated:  March 16, 2026                               /s/ Jane M. Beckering
                                                     JANE M. BECKERING
                                                     United States District Judge

7